UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL DWAYNE MITCHELL,

Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

Respondent.

No. 2:25-cv-1961 DC AC P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner seeking federal habeas relief under 28 U.S.C. § 2254. The case is before the court on respondent's motion to dismiss (ECF No. 10). Petitioner has filed an opposition, ECF No. 18, and respondent has replied, ECF No. 19. For the reasons explained below, the undersigned recommends that the motion be granted.

I. Background

In 2005, petitioner was convicted in Sacramento County of numerous counts of robbery and false imprisonment with enhancements. He was sentenced to 384 years to life. ECF No. 11-1. In 2009, following two rounds of appeal and remands for resentencing, petitioner was sentenced to 324 years to life. See ECF No. 11-2 (Opinion of California Court of Appeal filed February 8, 2021) at 2-3. In 2019, the California Department of Corrections and Rehabilitation alerted the trial court to a possible sentencing error. Id. at 3-4. On June 19, 2019, the trial court

issued an amended abstract of judgment, correcting the error and reflecting a sentence of 174 years to life, plus 75 years. Id. at 4. Petitioner appealed that order, and the Court of Appeal affirmed on February 8, 2021. Petitioner sought review in the California Supreme Court, which was denied on April 28, 2021. ECF No. 11-5.

Petitioner filed twenty-four state court collateral challenges related to his conviction and/or sentence, beginning in 2007.[1] He filed a habeas petition (his seventeenth) in the superior court on April 19, 2021, which was denied on June 1, 2021. ECF Nos. 11-35, 11-36. On June 24 he filed an eighteenth habeas petition in the Court of Appeal, which was denied on July 6. ECF Nos. 11-37, 11-38. On August 12 he filed a nineteenth petition in the California Supreme Court, which was denied on November 10, 2021. ECF Nos. 11-39, 11-40.

Petitioner filed his twentieth state habeas petition in the superior court on July 28, 2022. ECF No. 11-41. It was denied on July 26, 2023. ECF No. 11-42. He filed his twenty-first petition in the Court of Appeal, which was denied on September 29, 2023. ECF Nos. 11-43, 11-44.

Petitioner filed a twenty-second petition in the superior court on October 23, 2023, which was denied on December 14 of that year. ECF Nos. 11-45, 11-46. He filed his twenty-third petition in the Court of Appeal, which was denied on February 13, 2024. ECF Nos. 11-48, 11-48. The twenty-fourth and final state petition was filed in the California Supreme Court on March 14 and denied on July 31, 2024. ECF Nos. 11-47, 11-48.

By operation of the "prison mailbox rule,"[2] the instant federal petition was filed on July 8, 2025. See ECF No. 1 at 11, 26, 27.[3]

////

---

[1] The court includes in the above procedural history only those applications for relief which were filed after the 2019 amended abstract of judgment, and are therefore potentially relevant to the statute of limitations issue presented by the motion to dismiss. A complete history of petitioner's filings is provided in respondent's motion, ECF No. 10 at 2-6.

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] Petitioner has filed two other federal habeas petitions, which predate the superior court judgment at issue here. See Mitchell v. Hedgpeth, 2:09-cv-00269 MCE CMK; Mitchell v. Chappell, 2:12-cv-0296 MCE DAD.

II. The Applicable Statute of Limitations

Federal habeas actions are subject to a one-year statute of limitations which generally runs from the date a conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The limitations period is subject to statutory tolling during the time that a "properly filed" application for state post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); see Artuz v. Bennett, 531 U.S. 4 (2000). A state petition is "properly filed" if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz, 531 U.S. at 8. A properly filed application is considered "pending" both during its pendency in the reviewing court and during the interval (or "gap") between that court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time." Carey v. Saffold, 536 U.S. 214, 216-17 (2002)); see also Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo, 614 F.3d at 968 (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005)); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)).

State habeas petitions denied prior to the commencement of the limitations period have no effect on timeliness calculations. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). State habeas petitions filed after expiration of the limitations period do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Federal petitions have no tolling effect, and there is no "gap" tolling between a final state petition and filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001).

The habeas statute of limitations is also subject to equitable tolling where a petitioner demonstrates that his failure to file within the limitations period was caused by an "extraordinary circumstance" and that he was diligently pursuing relief despite that impediment. Holland v. Florida, 560 U.S. 631, 649 (2010); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). An

"extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted).

III. Analysis

A. Commencement of the Limitations Period

In this case, the one-year limitations period began to run when petitioner's conviction became final upon expiration of the time to seek certiorari from the California Supreme Court's April 28, 2021 denial of review. Due to special orders of the U.S. Supreme Court which were in place in response to the Covid-19 pandemic, the period to seek certiorari at that time was 150 days rather than the usual 90.[4] Accordingly, the time for petitioner to seek review ended on September 26, 2021, and the statute of limitations would ordinarily have begun to run the following day. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

B. Statutory Tolling

On September 27, 2021, petitioner's nineteenth petition was already pending in the California Supreme Court. Respondent concedes that this case had tolling effect, ECF No. 10 at 7, so the court will presume that it was properly filed. The petition was denied on November 10, 2021, so the limitations period began to tun the next day with no days having elapsed.

By the time that petitioner filed his next petition, on July 28, 2022, 259 days had passed. Respondent acknowledges that the limitations period was tolled from the filing of the twentieth petition on July 28, 2022, through denial of the twenty-first petition on September 29, 2023, as the two petitions constituted a single round of collateral review. ECF No. 10 at 8. The court therefore accepts for purposes of analysis that these petitions were properly filed and that gap tolling is appropriate. Because petitioner did not proceed to the California Supreme Court after denial of his twenty-first petition by the Court of Appeal, the limitations period resumed running on September 30, 2023. At that time, 106 days remained on the limitations clock.

---

[4] COVID SCOTUS Orders 589 and 594.

Twenty-three days later, petitioner filed his twenty-second petition, in the superior court. Assuming, as respondent does (ECF No. 10 at 9), that the limitations period was continuously tolled from the filing of the twenty-second petition on October 23, 2023, through denial of the twenty-fourth petition by the California Supreme Court on July 31, 2024, petitioner would have had 83 days remaining when the statute of limitations resumed running. Accordingly, a federal petition would have been timely if filed by October 22, 2024. Petitioner did not submit a petition to this court until July 8, 2025.

In sum, even assuming that petitioner is entitled to statutory tolling for the pendency of each state court petition which was submitted and decided following entry of the judgment he attacks, and that he is entitled to gap tolling as specified above, the federal petition is untimely by approximately eight and a half months unless saved by equitable tolling.

C. Equitable Tolling

In opposition to the motion to dismiss, petitioner argues that he was hindered in filing his federal petition by the non-responsiveness of his appellate counsel and the failure of the California Supreme Court to notify him that review had been denied. ECF No. 18 at 2-3. Petitioner indicates that he was confused as to the status of his direct review because it had been consolidated with his appeal of a motion to vacate. Id. at 2. He attaches correspondence with his appellate lawyer and a mail log intended to demonstrate that he did not receive notice of denial directly from the California Supreme Court. One of the letters to his lawyer is dated September 19, 2021, and the other indicates that it was sent a month later. Id. at 6-8. The mail log covers the period of July 24, 2019, through August 19, 2021. Id. at 10.

Because petitioner's proffer regarding equitable tolling is limited to events that precede the commencement of the limitations period on November 11, 2021, it cannot support equitable tolling.[5] Petitioner provides no evidence of any circumstance beyond his control that prevented

[5] Moreover, as respondent points out, the correspondence that petitioner provides shows that his lawyer had informed him that the California Supreme Court had denied review. See ECF No. 18 at 6. This undercuts petitioner's theory that he was denied this information. The fact that he did not have a copy of the court order is immaterial. Any confusion about which superior court orders were denied further review does not explain petitioner's failure to submit a federal petition over the following three years.

him from submitting a federal habeas petition after November 11, 2021, and before October 22, 2024. See Miles, 187 F.3d at 1107; Luna, 784 F.3d at 651. Nor does he demonstrate that he was acting diligently throughout that period to prepare a federal petition. See Holland, 560 U.S. at 653. For these reasons, petitioner is not entitled to equitable tolling.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be GRANTED and this case CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, she shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE